

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| Marshall Hanks<br><br>Plaintiff,<br><br>v.<br><br>Progressive Financial Services, Inc.<br><br>Defendant. | Case No. CIV 14-1023<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff, Marshall Hanks, ("Marshall"), is a natural person who resided in Greenview, Missouri, at all times relevant to this action.

2. Defendant, Progressive Financial Services, Inc., ("PFS"), is a Pennsylvania Corporation that maintained its principal place of business in Eddystone, Pennsylvania, and has had operations centers throughout the United States including an operations center in Aberdeen, South Dakota, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, PFS collected consumer debts.

6. PFS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of PFS revenue is debt collection.

8. PFS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, PFS contacted Marshall to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Marshall is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around May 2014, PFS began contacting Marshall on Marshall's cellular phone in connection with the collection of the debt.

13. The calls from PFS were automated and would automatically hang up.

14. Marshall contacted PFS to determine the reason for PFS's calls to Marshall.

15. During this communication, Marshall notified PFS that Marshall set up a payment arrangement with the original creditor.

16. In addition, Marshall requested PFS cease further calls to Marshall.

17. During this communication, PFS told Marshall the original creditor would not accept Marshall's money, which was a misrepresentation as evidenced by the fact that Marshall made a payment arrangement with the original creditor.

18. During this communication, PFS told Marshall that PFS would continue to call Marshall.

19. PFS did not continue to contact Marshall.

20. PFS attempted to collect a debt from Marshall.

21. PFS violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:   /s/ J.D. Haas
One of Plaintiff's Attorneys

Date: October 6, 2014

*Of Counsel*
J.D. Haas, Esq.
9801 Dupont Avenue SouthJ.PP
Suite 430
Bloomington, MN 55431
Phone: 952-345-1025
Fax: 952-854-1665
Email: jdhaas@jdhaas.com